UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| TONY GREEN | CIVIL ACTION |
| VERSUS | NO. 08-1065 |
| WOLTERS KLUWER US CORP. AND<br>ACE AMERICAN INSURANCE COMPANY | SECTION C(2) |

### ORDER AND REASONS

Pending before the Court is Defendants' Motion to Dismiss for Lack of Subject Matter Jurisdiction or Alternatively for Failure to Join a Required Party. (Rec. Doc. 3). The motion is unopposed. Defendants, Wolters Kluwer and ACE American Insurance Company, submit that Plaintiff's complaint should be dismissed pursuant to Rule 12(b)(1) for a lack of complete diversity among the parties. Alternatively, Defendants propose that Plaintiff's complaint should be dismissed pursuant to Rule 12(b)(7) for failure to join a required party, who, if joined, would destroy complete diversity. After considering the motion and memorandum submitted by Defendants, applicable law and the record, the Defendants' Motion to Dismiss for Lack of Subject Matter Jurisdiction is granted.[1]

**I. BACKGROUND**

On March 7, 2007, Plaintiff was a passenger in a truck that collided with another vehicle being driven by Natasha M. McIntyre, an employee of Defendant, Wolters Kluwer. (Rec. Doc. 1, ¶ 5,6). Plaintiff, seeking relief for damages resulting from the aforementioned accident, filed a complaint in this Court on February 20, 2008 against Defendants, based on diversity jurisdiction pursuant to 28 U.S.C. § 1332. (Rec. Doc. 1, ¶ 1). Defendants subsequently filed the motion *sub*

---

[1] Because the Court finds that subject matter jurisdiction does not exist due to a lack of complete diversity, the Court does not address Defendants' alternative motion.

*judice* on April 24, 2008.

## II. LAW AND ANALYSIS

The standard of review for a Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction is the same as that for a Rule 12(b)(6) motion.  *U.S. v. City of New Orleans*, 2003 WL 22208578 (E.D.La. Sept. 19, 2003); *Benton v. U.S.*, 960 F.2d 19, 21 (5th Cir. 1992).  In general, when considering a motion to dismiss under Rule 12(b)(6), the court must take the well-pleaded factual allegations of the complaint as true.  *In Re Katrina Canal Breaches Litigation*, 495 F.3d 191, 205 (5th Cir. 2007).  The plaintiff must plead sufficient facts to state a claim for relief that is "plausible on its face;" the plaintiff's right to relief must be raised "above the speculative level" by the factual allegations.  *Id*.  Conclusory allegations or legal conclusions serving as factual conclusions will not prevent dismissal. *United States ex rel. Bain v. Georgia Gulf Corp.*, 386 F.3d 648, 654 (5th Cir. 2004).  The Supreme Court recently ruled that a district court cannot dismiss a complaint under Rule 12(b)(6) unless it appears beyond a doubt that the plaintiff cannot prove a plausible set of facts in support of his claim which would entitle him to relief.  *Bell Atlantic Corp. v. Twombly*, --- U.S. ----, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). Conclusory allegations or legal conclusions, however, will not suffice to defeat a motion to dismiss.  *See Fernandez-Montes v. Allied Pilots Ass'n*, 987 F.2d 278, 284 (5th Cir. 1993).  A court's ultimate conclusion that a case should be dismissed may rest "on any one of three separate bases: (1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts."  *Barrera-Montenegro v. U.S.*, 74 F.3d 657, 659 (5th Cir. 1996) (citations omitted).

Defendants assert that subject matter jurisdiction does not exist due to a lack of complete diversity pursuant to 28 U.S.C. § 1332(c)(1).[2]  Ms. McIntyre is not a named party to this suit, but is an omnibus insured under the policy of insurance between Wolters Kluwer and ACE American Insurance Company.[3]  (Rec. Doc. 3-2, p. 4). Defendants submit that since Ms. McIntyre is a Louisiana citizen, ACE American Insurance Company should also be deemed to be a Louisiana citizen for the purposes of 28 U.S.C. § 1332(c)(1).  Thus, Defendants claim that since Plaintiff is also a Louisiana citizen, there is not complete diversity between the parties.

Defendants put forth *Williams v. Liberty Mut. Ins. Co.,* 468 F.2d 1207 (5th Cir. 1972) to support their position that Ms. McIntyre should be considered an unnamed insured for the purposes of 28 U.S.C. § 1332(c)(1).   In *Williams*, the Fifth Circuit concluded that the purpose of 28 U.S.C. § 1332(c)(1) was not to limit the term "insured" to the named insured, but rather was to include both the named insured and the omnibus insured.  *Id.* at 1209.  Moreover, the Fifth Circuit stated that the purpose of this provision was to eliminate diversity jurisdiction in situations where a local party brought an action directly against the foreign insurance carrier

---

[2]

> [I]n any direct action against the insurer of a policy or contract of liability insurance, whether incorporated or unincorporated, to which action the insured is not joined as a party-defendant, such insurer shall be deemed a citizen of the State of which the insured is a citizen, as well as of any State by which the insurer has been incorporated and of the State where it has its principal place of business[.]
> 28 U.S.C. 1332(c)(1)

[3]

> The ACE American policy issued to Wolters Kluwer, McIntyre's employer, provides that "insureds" include "anyone . . . while using with your permission a covered 'auto' you own, hire or borrow . . . [or a]ny 'employee' of yours is an 'insured' while using a covered 'auto' you don't own, hire or borrow in your business or personal affairs.
> (Rec. Doc. 3-2, p. 4,5).

3

without joining the other local party tort-feasor as a defendant.  *Id*.

Plaintiff's failure to join Ms. McIntyre as a party to this suit does not satisfy complete diversity.  The terms of 28 U.S.C. § 1332(c)(1) eliminate any chance to circumvent diversity requirements in this matter.  Because McIntyre is a Louisiana citizen, so too is Defendant ACE American Insurance Company.  In sum, complete diversity does not exist between the parties because  Plaintiff and Defendant ACE American Insurance Company are both citizens of the State of Louisiana.  As a result, there is no subject matter jurisdiction under 28 U.S.C. § 1332.

Finally, Defendants pray that all associated costs of dismissal be assigned to Plaintiff.  Pursuant to 28 U.S.C. §1919, the court may order the payment of just costs when a complaint is dismissed for lack of jurisdiction.

**III. CONCLUSION**

IT IS ORDERED that Defendants' Motion to Dismiss for Lack of Subject Matter Jurisdiction is GRANTED without prejudice,[4] costs associated with dismissal taxed to Plaintiff. (Rec. Doc. 3).

New Orleans, Louisiana, this 4th day of June, 2008.

_____
HELEN G. BERRIGAN
UNITED STATES DISTRICT JUDGE

---

[4] *See Cinel v. Connick*, 15 F.3d 1338, 1341 (5th Cir. 1994); *Voisin's Oyster House, Inc. v. Guidry*, 799 F.2d 183, 188-89 (5th Cir. 1986) (finding that lack of subject matter jurisdiction should result in dismissal without prejudice because judgement on the merits is precluded).